# WINDSOR COUNTY,

## FEBRUARY TERM, 1875.

[CONTINUED FROM VOL. 47, PAGE 679.]

---

## ASHLEY AND OTHERS *v.* BARRELL.

### *Wills. Interest.*

The demanded premises were devised to defendant's wife, by her paying $3500 into the testator's estate. The remainder of said estate was willed to the plaintiffs in specific bequests, and as residuary legatees. Defendant and his wife were in possession of said premises at the time the will was made, and at the death of the testator; and she paid said sum to the executor from time to time as he desired it, and before he closed the settlement of said estate, but paid him no interest thereon, and he exacted none. Upon the settlement of his administration account before the Probate Court, plaintiffs sought to have him charged with interest on said sum, but the court refused to so charge him, upon the ground that he had collected none. *Held,* that by allowing that settlement to stand without charging the testator with the interest, and by receiving the principal sum, plaintiffs were precluded from following the land for that interest, and that no interest, as such, was chargeable, at least until demand of the principal sum by the executor.

EJECTMENT for lands in Hartland. Judgment for defendant, and exceptions by plaintiffs, May Term, 1874, BARRETT, J., presiding.

*W. C. French,* for plaintiffs.

The suit is properly brought in favor of the plaintiffs, who are the only heirs of Daniel Ashley, and the residuary legatees under his will. 4 Kent. Com. 420 ; *Hubbard* v. *Ricart,* 3 Vt. 207 ;

*Dunbar* v. *Dunbar's Estate*, 3 Vt. 472 ; *Cushman* v. *Jordan*, 13 Vt. 597 ; *Ives* v. *Allyn*, 13 Vt. 629 ; *Buck* ·v. *Squires*, 22 Vt. 484 ; Gen. Sts. 389, s. 5, p. 591, s. 14.

The payment of the $3500 was a *condition precedent* to the vesting of any title in Mrs. Barrell. It constituted a lien upon the land that the executor had no right to waive or relinquish without the payment of the full amount. It was a matter solely between Mrs. Barrell and the residuary legatees and heirs. *Dunbar.* v. *Dunbar's Estate, supra.* The taking possession of the land binds the performance of the condition. The condition charges the *land*, and is therefore binding on a married woman. 1 Greenl. Cruise, 494.

Mrs. Barrell, being entitled to the immediate possession of the land, and having had the immediate possession, the $3500 then became due and payable, and if• not paid, interest would immediately commence accruing. The interest became tacked to the principal, and the condition would not be discharged without the payment of both. Where there is no contract to pay interest, it is " recoverable as damages for the detention of the money which the party ought to pay." POLAND, J., in *Abbott* v. *Wilmot*, 22 Vt. 437, 440 ; *Williams's Case*, 4 Met. 317, 321.

An administrator or executor is chargeable with interest on money belonging to the estate on which he has received interest, or should have received interest. *Woods, admr.* v. *Creditors of Eames's Est.* 4 Vt. 256; *Admrs. of Slade* v. *Heirs of Slade*, 10 Vt. 192 ; 2 Redf. Wills, 881. The rule as to specific legacies is, to cast interest from the death of the testator ; as to *general legacies*, from the end of one year from the testator's death. 1 Bouv. Law Dict. 654 ; 2 Redf. Wills, 564, 566.

*Farnsworth & Batchelder*, for defendant.

No one is required by common law or by statute to pay interest ; and it must be allowed only on agreement of parties, express or implied. *Evarts* v. *Nason's Estate*, 11 Vt. 122 ; *Newell* v. *Exrs, of Keith*, 11 Vt. 214. Interest is only recoverable as damages for detention of money the party ought to pay, and if the money is received without claiming interest, it is a waiver of

62

claim for interest. *Abbott* v. *Wilmot*, 22 Vt. 427 ; *Brainard* v. *Champlain Tr. Co.* 29 Vt. 154 ; *Sprague* v. *Sprague's Estate*, 30 Vt. 483 ; *Hodgdon* v. *Hodgdon*, 2 N. H. 169. After demand, interest is cast as damages. *Gleason* v. *Briggs*, 28 Vt. 135 ; *Evans* v. *Beckwith*, 37 Vt. 285 ; *Seaver* v. *Pierce*, 42 Vt. 325 ; *Livermore* v. *Rand*, 6 Foster, 85 ; *Barnard* v. *Bartholomew*, 22 Pick. 294 ; 9 Pick. 328, 368 ; 17 Mass. 57. Money lent does not necessarily draw interest till demand. *Hubbard* v. *Charlestown Br. R. R.* 11 Met. 124.

The executor represents the testator in all matters which relate to his chattels real and personal, and has full authority to discharge debts due his testator's estate. Bouv. Law Dict. title, *Administrator ;* 1 Parsons Cont. 107 ; 1 Aik. 48.

The opinion of the court was delivered by

Ross, J. Daniel Ashley devised the farm, the possession of which is sought to be recovered in this suit, to Faithful S. Barrell, the wife of the defendant, " by the said Faithful S. Barrell paying into my estate thirty-five hundred dollars." He disposed of the remainder of his estate to the plaintiffs by specific bequests, and by making them residuary legatees. Faithful S. and her husband, the defendant, were in possession of the farm at the time the will was made, and at the decease of the testator. She paid to the executor thirty-five hundred dollars as he desired it from time to time, and before he closed the settlement of the estate, but paid him no interest on that sum, and he exacted none. When the executor settled his account, the plaintiffs sought to have the Probate Court charge him with interest on the $3500, which the Probate Court refused on the ground (as it is said in the agreed case) that he had collected no interest. It is now claimed by the plaintiffs that by reason of Faithful S. Barrell's failure to pay interest on the $3500 from the time of the testator's decease to the time of such payment, there was a failure to perform the condition which was to be performed by her before the farm vested in her under the bequest, and that, by reason of the failure of that bequest, the title to the farm has become vested in the plaintiffs as residuary legatees under the will. It will be ob

served that the plaintiffs do not claim title as heirs, but as residuary legatees. As such they took under the will only what was left of the *estate* after paying the specific legacies. By the bequest of the farm to Faithful S. Barrell, in whose right the defendant claims to hold it, the thirty-five hundred dollars was to be paid into the estate, and not to these plaintiffs as heirs or residuary legatees. By the condition of the bequest, the payment of the money was to be made to the representative of the estate, the executor. He alone was empowered to receive the money and discharge the condition precedent. If he discharged it without exacting interest, when he ought to have done so, the residuary legatees should have made him accountable for it in the settlement of his account before the Probate Court. By allowing that settlement to stand without charging the executor with interest, and by receiving the thirty-five hundred dollars principal, they are precluded from pursuing the land for that interest. It is to be observed that there is no time fixed by the testator at which the $3500 must be paid, to render the bequest valid. If that sum should be paid to the estate at any time before the settlement of the estate was closed, the language of the condition of the bequest would be complied with. It would be unreasonable to construe the bequest to mean that Faithful S. Barrell must pay the $3500 the day of the testator's decease, or the day of the executor's appointment, or lose all the beneficial interest in the farm by the bequest. Such is not the language of the bequest, nor the apparent meaning of the testator. We think it must be held that the condition precedent to the farm vesting in Faithful S. Barrell, was complied with when she paid the $3500 into the estate of the testator during the settlement of that estate, and as soon as it was demanded by the executor, and as the bequest is silent on the subject of interest, no interest, as such, was chargeable, at least till the payment of that sum was demanded by the executor. Until such demand, there was no detention or withholding of that sum from the estate. The statute gives the control of real estate not specifically devised, to the executor during the settlement of the estate. He has the right to hold it and use it if necessary for the payment of debts, even when specifically devised. If the be-

quest of the farm did not vest it in Mrs. Barrell till the $3500 was paid, then the use of the farm till its payment, and not interest on $3500, belonged to the estate. If the defendant enjoyed this use, and was accountable for it, he was accountable to the executor and not to the plaintiffs. The plaintiffs should have caused him to be charged with the rents and profits arising from the farm before the devisee was entitled to it, in the settlement before the Probate Court. Having failed to do so, they cannot now, through that failure, lay the foundation for recovering the farm from the defendant. The defendant's title through his wife became perfect when the $3500 was paid into the testator's estate. If there should have been any interest or rents and profits collected by the executor, the non-collection of them did not entitle the plaintiffs to recover the farm from the defendant in this action.

Judgment affirmed.